**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW JONES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-940** |
| | : | |
| **USA DISTRICT COURT OF** | : | |
| **EASTERN PENNSLYVANIA** | : | |
| | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                     **February 26, 2025**

Delaware citizen Matthew Jones pro se claims security officers of this District Court physically and sexually assaulted him and attempted to murder him over a three day period in 2001 while he waited to enter a courthouse. He claims the court security officers violated federal criminal law. He seeks damages from a federal court. We granted him leave to proceed without paying filing fees after he demonstrated indigency. Congress requires we now screen his allegations before issuing summons.

Mr. Jones earlier filed similar assault claims against Delaware state courts ending in prompt dismissals. He now tries to sue a federal court under the same type of assault theory seeking damages claiming unpleaded security officers violated a criminal law two dozen years ago while he waited to enter the courthouse. He cannot amend to allege a claim under the criminal law as he lacks standing to prosecute a criminal statute. He also cannot amend to bring a timely civil claim as he judicially admits conduct from 2001. We dismiss his case arising from the alleged 2001 assaults with prejudice.

**I.      Alleged pro se facts**

Unspecified court security physically and sexually assaulted "U.S.A. Constituent" Matthew Jones at an unpleaded courthouse in the "Winter-Spring of 2001."[1] These attacks

occurred in the courthouse security line.[2] Court security raped, beat, shot, poisoned, shoved, and rubbed Mr. Jones into the wall and floor.[3] Court security furthered these attacks in the courthouse elevator.[4]    Mr. Jones suffered multiple injuries, including gunshot wounds, stabbings, diseases, burnings, sexual assaults, physical assaults with batons and clubs, and other forms of physical abuse.[5]  He concludes:

> Medicine used the raise the dead chemically  made out of trees that are at least two hundred fifty years old and the plants that only grow around them. I suffered gun shot wounds, stabbings, Police Brown race H diseases, bludgeonings with batons and clubs, fist punches and feet kicks, wrenching and twisting, grinding and squeezing, poisoning, anal rapes, burning, falling, and from the learned noises that they memorized to use as fatal weapons.[6]

## II.    Analysis

Mr. Jones alleges court security officers physically and sexually assaulted him in a courthouse's lobby and elevator during an undisclosed three-day period in 2001.[7]

Mr. Jones sues under 18 U.S.C. section 1114, which protects United States employees and officers from harm while performing their duties.[8] Mr. Jones does not allege he is a United States employee or officer performing duties for the United States.  Mr. Jones seeks $750,000 in monetary damages citing 18 U.S.C. section 1113, which he alleges allows fines up to $250,000 for attempted murder.[9]

We granted Mr. Jones leave to proceed *in forma pauperis* upon studying his sworn indigency.[10] We review and screen the Complaint under 28 U.S.C. section 1915(e)(2)(B). Congress requires we screen his case now proceeding without paying filing fees before issuing summons.[11] We today screen Mr. Jones's claims. We must dismiss Mr. Jones's Complaint before issuing summons if we find his claims are frivolous or malicious, do not state a claim on which relief may be granted, or if Mr. Jones seeks monetary relief against immune persons or entities.[12] An action is frivolous if it "lacks an arguable basis either in law or in fact."[13] A court may dismiss a complaint

2

as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" fact scenario.[14]

We apply the same standard under the Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[15] Mr. Jones can meet the Rule 12(b)(6) standard if he pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[16] We accept all facts in Mr. Jones's Complaint as true and construe the facts in light most favorable to him to determine whether he states a claim to relief plausible on its face.

We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings . . . ."[17] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[18] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules— they must abide by the same rules that apply to all other litigants."[19]

We dismiss Mr. Jones's claims for damages under federal criminal law as frivolous. He cites several federal criminal statutes, including 18 U.S.C. sections 1113 and 1114.[20] Congress in section 1113 criminalizes attempts to commit murder or manslaughter.[21] Congress in section 1114 protects federal officers and employees by penalizing anyone who kills or attempts to kill them while performing official duties.[22]

Mr. Jones lacks standing to impose criminal liability against the U.S. District Court for the Eastern District of Pennsylvania under sections 1113 and 1114.[23] The authority to prosecute and select criminal charges rests solely with the federal prosecutor.[24] Congress did not include language in sections 1113 and 1114 creating an explicit or implicit private right of action.[25] We have no basis to find Congress intended to create a private right of action in either criminal statute. Mr. Jones

cannot recover monetary damages through a criminal statute, as criminal laws serve to punish wrongdoing and enforce public order—not to compensate private individuals. Mr. Jones cannot compel the enforcement of criminal laws.

We dismiss with prejudice the pleaded criminal claims as frivolous under section 1915. He knows these damages claims are frivolous. This case is not the first time he has sued courts for sexual assault and violent crimes. Mr. Jones has filed lawsuits in the United States District Court for the District of Delaware, Middle District of Pennsylvania, and Delaware Superior Court against various individuals and entities alleging sexual assaults and other violent crimes.[26] He unsuccessfully sued other courts such as the Justice of Peace Court No. 4 in Sussex County and the Kent County Superior Court in Delaware.[27] Mr. Jones now attempts to assert liability under the criminal law against a federal court. He lack standing to do so.

He also cannot amend to bring a claim under the civil law for damages. The alleged assault occurred sometime in 2001.  We are not aware of Pennsylvania allowing a civil claim for damages arising from conduct twenty-four years before suit.   Mr. Jones cannot amend to allege a civil claim.

## III.    Conclusion

We dismiss Mr. Jones's allegations against the U.S. District Court for the Eastern District of Pennsylvania. Mr. Jones's federal claims based on the criminal statutes are frivolous under section 1915.  He also cannot plead a claim for damages under a tort theory arising from conduct occurring over a three day period twenty-four years ago in a courthouse resulting in physical injury to Mr. Jones.  We dismiss Mr. Jones's case with prejudice as facially frivolous.

---

[1] ECF 2 at 3-4.

[2]2 *Id.* at 4.

[3] *Id.*

[4] *Id.*

[5] *Id.* at 6.

[6] *Id.*

[7] *Id.* at 4-6.

[8] ECF 2 at 4-5.

[9] *Id.* at 6.

[10] ECF 4.

[11] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[12] *Id.*

[13] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[14] *Id.* at 327-28.

[15] *Elansari v. Univ. of Pa.*, 779 F. App'x 1006, 1008 (3d Cir. 2019).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)) (cleaned up).

[18] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[19] *Id.* (quoting *Mala*, 704 F.3d at 245).

[20] ECF 2 at 4-6.

[21] 18 U.S.C. § 1113.

[22] *Id.* § 1114.

[23] *See Allen v. Admin. Off. of Pa. Cts.*, 270 F. App'x 149, 150 (3d Cir. 2008) ("To the extent that Allen sought to impose criminal liability under 18 U.S.C. §§ 241 & 242 on Defendants, he lacked standing to proceed."); *United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he

United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").

[24] *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

[25] *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (explaining private party has no right to compel enforcement of criminal laws); *Murse v. Murse*, No. 24-1057, 2024 WL 1739295, at *1 (3d Cir. 2024) (footnote omitted) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)) (noting "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" when plaintiff sought monetary relief); *see also Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (citation omitted) (refusing to infer a private right of action from a "bare criminal statute").

[26] *See, e.g.*, *Jones v. Shah*, No. 23-925, 2024 WL 2132489 (D. Del. May 13, 2024); *Jones v. Off. William Thomas*, No. 19-896, 2023 WL 5953196 (D. Del. Sept. 13, 2023); *Jones v. Del. St. Police Headquarters*, No. 18-1381, 2019 WL 569823 (D. Del. Feb. 11, 2019), *aff'd*, 779 Fed. Appx. 834 (3d Cir. 2019); *Jones v. Del. St. Police*, No. K19C-09-024, 2019 WL 6170847 (Del. Super. Nov. 19, 2019); *Jones v. Denn*, No. 17-995, 2018 WL 1061363 (D. Del. Feb. 27, 2018), *aff'd*, 737 Fed. Appx. 642 (3d Cir. 2018); *Jones v. Bridgeville Police Dept.*, No. 17-1350, 2018 WL 4725280 (D. Del. Oct. 2, 2018), *aff'd*, 758 Fed. Appx. 235 (3d Cir. 2019); *Jones v. Minner*, No. 17-1837, 2018 WL 4725284 (D. Del. Oct. 2, 2018), *aff'd*, 752 Fed. Appx. 112 (3d Cir. 2019); *Jones v. Bauer*, No. 18-1208, 2018 WL 6040256 (D. Del. Nov. 19, 2018); *Jones v. Kent Cnty. Super. Ct., Del.*, No. 17-394, 2017 WL 2378362 (D. Del. June 1, 2017), *vacated*, 721 Fed. Appx. 235 (3d Cir. 2018); *Jones v. Justice of the Peace Court No. 4, Sussex Cnty.*, No. 16-1306, 2017 WL 1312973 (D. Del. Apr. 5, 2017), *aff'd*, 694 Fed. Appx. 66 (3d Cir. 2017), *cert. den.*, 583 U.S. 976 (2017); *Jones v. Harrington, Del. Police Dept.*, 17-395, 2017 WL 2381271 (D. Del. June 1, 2017), *aff'd*, 731 Fed. Appx. 162 (3d Cir. 2018); *Jones v. Sussex Corr. Inst.*, No. 16-1321, 2017 WL 2872416 (D. Del. July 5, 2017), *aff'd*, 725 Fed. Appx. 157 (3d Cir. 2017); *Jones v. Del. Health*, No. 1:17-1028, 2017 WL 6403014 (M.D. Pa. Aug. 9, 2017), *report and recommendation adopted*, 2017 WL 6403016 (M.D. Pa. Sept. 11, 2017), *aff'd*, 709 Fed. Appx. 163 (3d Cir. 2018); *Jones v. Justice of the Peace Court No. 3, Georgetown, Del.*, No. 17-572, 2017 WL 4457193 (D. Del. Oct. 5, 2017), *aff'd*, 714 Fed. Appx. 119 (3d Cir. 2018).

[27] *Jones v. Justice of the Peace Court No. 4, Sussex Cnty.*, No. 16-1306, 2017 WL 1312973 (D. Del. Apr. 5, 2017), *aff'd*, 694 Fed. Appx. 66 (3d Cir. 2017), *cert. den.*, 583 U.S. 976 (2017); *Jones v. Kent Cnty. Super. Ct., Del.*, No. 17-394, 2017 WL 2378362 (D. Del. June 1, 2017), *vacated*, 721 Fed. Appx. 235 (3d Cir. 2018).